**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| HILLARY BROOKS, an individual,<br>Plaintiff,<br>v.<br>JUDGE JANET CHUNG, et. al.<br>Defendants. | CASE NO. 2:26-CV-02043-TSZ<br><br>RESPONSE TO ORDER TO SHOW CAUSE |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. 39 AT 19, ¶ 5)**

In response to Paragraph (5) of the Court's Order (Dkt. 39 at 19), neither (i) Count I, Subcount C, Part 2 (Fourteenth Amendment "stigma-plus" liberty deprivation based on the pre-ruling administrative revocation of Plaintiff's GR 30 credentials, Compl. ¶¶ 110–11) nor (ii) Count V (defamation *per se* against Judge Chung, Compl. ¶¶ 118–20) may be dismissed under *Rooker-Feldman*. Under *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013), determining whether these two counts are barred requires examining both steps of the sequential *Rooker-Feldman* test: (1) whether Count I, Subcount C, Part 2 or Count V itself constitutes a forbidden *de facto* appeal at Step One, and (2) whether any valid Step One predicate exists elsewhere in the action to which

either count could be "inextricably intertwined" at Step Two. Because both inquiries fail, Plaintiff shows why *Rooker-Feldman* does not apply.

**Procedural Reservation Regarding Party-Presentation:** Plaintiff objects to the Order's *sua sponte* adjudication of unasserted issues and its invitation for Defendants to file staggered motions raising affirmative defenses despite local-rule consolidation requirements (Dkt. 39 at 18 n.6). Under the party-presentation principle, courts act as neutral arbiters rather than initiating a judicial "takeover." *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76, 380 (2020).

**I. Dismissing Counts I and V Requires a Valid Step One Predicate**

Although the Order (Dkt. 39 at 16–17) avoided the phrase "inextricably intertwined" regarding the claims subject to this show-cause order, the authority it cited, *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002), relies on that exact doctrine. Under *Bell*, 709 F.3d at 896–97, and *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003), *Rooker-Feldman* operates as a two-step inquiry. At Step One, a court first determines whether the plaintiff asserts a forbidden *de facto* appeal—alleging legal injury caused by a valid state-court judgment *and* seeking federal review and rejection of such issues. *Bell*, 709 F.3d at 897; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Only if Step One establishes a forbidden *de facto* appeal may a court reach Step Two to ask whether remaining claims are "inextricably intertwined," and "[s]hould the action not contain a forbidden *de facto* appeal, the *Rooker-Feldman* inquiry ends." *Bell*, 709 F.3d at 897. To the extent the Order conflates void papers with voidable judgments, by dismissing Plaintiff's declaratory-judgment claim (Dkt. 39 at 2 n.2), the Order eliminated the only ground for its *Rooker-Feldman* application, leaving no predicate Step One *de facto* appeal to which Count I, Subcount C, Part 2 or Count V could attach. Under *Bell*, remaining damages claims stand independently, and because

neither targeted count seeks to reverse or vacate a state judgment, the *Rooker-Feldman* inquiry ends at Step One. *Id.*

## II. The Court Cannot Construct a Step One Predicate for Counts I or V by Departing From Facial Pleading and Rule 56 Standards

**A. Fact-Finding is Prohibited on a Facial Rule 12(b) Challenge.** A court's obligation to check for subject-matter jurisdiction is based on reviewing allegations in the complaint and is not an invitation to *sua sponte* decide contested issues at the threshold. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998) ("[f]irst and foremost, there must be alleged (and ultimately proved) an 'injury in fact'—a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent,' not 'conjectural' or 'hypothetical.'"). While the Order recognized the applicable facial FRCP 12(b)(1) and (6) standard (Dkt. 39 at 6, *citing Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)), it then invoked *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006), a factual-challenge decision, to resolve contested merits-based facts against Plaintiff at the threshold (Dkt. 39 at 2, 6–10; Compl. ¶¶ 18–20, 23, 29–34, 40–46, 51, 60–79, 91; Exs. A–D).

Even in a factual challenge, courts cannot resolve disputed jurisdictional facts intertwined with the merits of the action prior to trial without applying FRCP 56. *Arbaugh*, 546 U.S. at 514 ("[i]f satisfaction of an essential element of a claim for relief is at issue, however, the jury is the proper trier of contested facts"); *Leite*, 749 F.3d at 1121–22 n.3 ("a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim" (*quoting Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039–40 (9th Cir. 2004) and *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). Accordingly, when approaching Counts I and V, the Court is required to decide the subject-matter and personal jurisdiction issues that rendered *Cooney v. Brooks,* No.

86951-5-I, 2025 WL 1684900 (Wash. Ct. App. June 16, 2025) ("*Cooney II*") void *ab initio* under an FRCP 56 standard prior to applying *Rooker-Feldman*. That exact motion was already pending and is antecedent to both the motion to dismiss (Dkts. 3, 4, 24, 25, 29, 30, 33) and show cause order (Dkt. 39 at 19).

**B. Reverse Conversion of Summary Judgment into a Motion to Dismiss is Prohibited.** Courts cannot bypass summary judgment motions in favor of pleading challenges. *See Jones v. L.A. Central Plaza LLC,* 74 F.4th 1053, 1058–61 (9th Cir. 2023). The State Defendants filed no motion to dismiss, and the Private Defendants filed a defective facial challenge that actively fought the Complaint's factual allegations (Dkt. 20, 28, 35). No defendant filed a cross-motion or counter-factual declarations. Reverse conversion of a Rule 56 motion into a motion to dismiss on the pleadings is contrary to *Jones*, 74 F.4th at 1060–61. To avoid committing the same clear error as with the dismissed counts, the Court must address the uncontested factual record in Plaintiff's antecedent motion for partial summary judgment (Dkts. 3, 4, 24, 25, 29, 30, 33) before applying *Rooker-Feldman* to Counts I and V.

**C. Courts Cannot Apply a Post-Discovery Burden at the Pleading Stage.** It is reversible error for a court to dismiss factual paragraphs and supporting exhibits as "conclusory" under a post-discovery summary judgment standard to dismiss claims (Dkt. 39 at 15, *citing Margolis v. Ryan*, 140 F.3d 850, 851 (9th Cir. 1998)). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (reversing order of dismissal and rejecting district court's "conclusory" label where specific facts were pleaded). To avoid committing the same reversible error as with the dismissed counts (Dkt. 39 at 15; Compl. ¶¶ 15–105; Exs. A–I), the Court must credit the specific facts that have been pleaded with respect to Counts I and V (Compl. ¶¶ 47–98; Ex. A-F, H–I).

### III. The Court Cannot Rely on the Step One Predicate Used for The Dismissed Claims to Reach Step Two on Count I or Count V

Having already dismissed certain counts as *de facto* appeals and others as inextricably intertwined, the Court now *sua sponte* questions whether Count I, Subcount C, Part 2 and Count V are similarly barred (Dkt. 39 at 16–17, 19). To reach Step Two as to the identified counts, however, the Court cannot simply import the Step One *de facto* appeal predicate it relied upon to dismiss the earlier claims (Dkt. 39 at 6–13). Beyond applying a pleading standard in violation of both FRCP 12(b)(1) and (6) and FRCP 56 discussed *supra* that Step One determination rests on clear legal errors leaving no valid predicate to which Count I, Subcount C, Part 2 or Count V could ever attach.

**A. Recognizing a Nullity Is Distinct From Seeking Vacatur of a Judgment.** Controlling precedent distinguishes between (1) asking a federal court to void an otherwise valid state "judgment" for legal errors (a barred *de facto* appeal) and (2) recognizing that an *ultra vires* paper is void *ab initio* while adjudicating independent federal claims. *See T.M. v. Univ. of Md. Med. Sys. Corp.,* 608 U.S. 668, 674–76 (2026) (confining *Rooker-Feldman* to suits seeking "an exercise of appellate jurisdiction" to "review and reverse unfavorable state-court judgments"); *Exxon Mobil*, 544 U.S. at 293 (preserving "independent claims" even where a party litigated a related matter in state court); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923) (applying the doctrine only after confirming the court had "jurisdiction of both the subject-matter and the parties, that a full hearing was had therein, that the judgment was responsive to the issues").

Both *Henrichs v. Valley View Development*, 474 F.3d 609, 614 (9th Cir. 2007) and *Cooper v. Ramos,* 704 F.3d 772, 774–76 (9th Cir. 2012) (cited at Dkt. 39 at 9) challenged legal errors in acknowledged state court judgments, not lack of personal and subject-matter jurisdiction in papers

void *ab initio*. A paper entered without subject-matter jurisdiction, personal jurisdiction, or statutory authority is a legal nullity requiring no appellate vacatur. *Voorhees v. Jackson*, 35 U.S. 449, 474–75 (1836). And unlike *Henrichs*, *Cooper*, and *Rooker* itself, the state court here did not decide the issues implicated by the federal claims (Compl. ¶ 29).

The consequence of the state court judgment is that Plaintiff was deprived of her contractual right to arbitrate the breach of contract dispute. *See Cooney II*, 2025 WL 1684900, at *1. The Complaint does not ask this Court to reinstate the arbitration. *See Miroth v. County of Trinity*, 136 F.4th 1141, 1155 (9th Cir. 2025). Rather, Plaintiff seeks damages under 42 U.S.C. § 1983 and state tort law for Defendants' unlawful conduct. *See T.M.*, 608 U.S. at 711–12 (Barrett, J., dissenting) (noting that expanding *Rooker-Feldman* "sits uneasy" with § 1983's design to provide an independent federal forum when state judicial processes fail to safeguard federal rights); *Mitchum v. Foster*, 407 U.S. 225, 240–42 (1972) (§ 1983 reaches unconstitutional "State action, . . . whether that action be executive, legislative, or judicial," enacted because state courts "were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights").

**B. No Valid State-Court Judgment Exists to Supply a Step One Predicate.** First, there is no state court ruling to review. Contrary to the Order's characterization, Plaintiff never argued that *Cooney II* was non-final; rather, she argued *Cooney II* never decided the jurisdictional issues underlying Plaintiff's federal claims (Dkt. 28 at 8–9). "Without a direct challenge to a state court's factual or legal conclusion, [Plaintiff's] suit is not a forbidden de facto appeal, and *Rooker-Feldman* is inapplicable." *Bell*, 709 F.3d at 897; *accord Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1143 (9th Cir. 2021) (rejecting the application of *Rooker-Feldman* where the claims do not directly challenge the state court decision); *Noel*, 341 F.3d at 1164. *Cooney II* never used the word

"jurisdiction" despite 49 references in Plaintiff's briefing (Compl. ¶ 29) and never addressed Wash. Rev. Code §§ 7.04A.050 or .070(3) (Compl. ¶¶ 29, 34) or lack of summons service (¶ 23). And Plaintiff relies on *Cooney II's* acknowledgment that no civil case was pending (¶ 34). A plaintiff cannot *de facto* appeal a ruling that does not exist, as confirmed by the Order's failure to show where the state court adversely decided those issues against Plaintiff.

Second, the Order improperly excises statutory text from Wash. Rev. Code § 7.04A.050. Federal courts have a "virtually unflagging" obligation to exercise conferred jurisdiction and may not delete statutory text to convert an order void *ab initio* into a merely voidable one. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013); *see also Baker v. Seattle Children's Hosp.*, ___ Wn.3d ___, 597 P.3d 763, ¶ 15 (2026) (prohibiting the deletion of statutory text). The Order (Dkt. 39 at 8) acknowledges that § 7.04A.050 requires either a "pending" civil action involving the arbitration agreement or a new filing with summons service yet ignores that *Cooney II* acknowledged no civil action was pending (*Cooney II*, 2025 WL 1684900, at *4; Compl. ¶¶ 22, 34). Nor did Defendants submit sworn evidence to the contrary (Dkts. 24, 30, 33).

Third, orders entered in a closed proceeding without summons service under § 7.04A.050 are void *ab initio* for lack of both subject-matter and personal jurisdiction, and an appellate affirmance cannot cure an order void *ab initio* into a valid judgment (*contra* Dkt. 39 at 8–9). *Steel Co.*, 523 U.S. at 94 (*quoting Ex parte McCardle*, 74 U.S. 506, 514 (1868)) ("[w]ithout jurisdiction the court cannot proceed at all in any cause."); *State ex rel. Egbert v. Superior Court*, 9 Wash. 369, 370, 37 P. 489 (1894) (appellate courts possess no greater jurisdiction than the trial court); *Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit Cnty.*, 135 Wn.2d 542, 556, 958 P.2d 962 (1998) (statutory jurisdictional limits cannot be judicially expanded); *Allstate Ins. Co. v. Khani*, 75 Wn. App. 317, 323, 877 P.2d 724 (1994) (courts have a non-discretionary duty to vacate void orders).

Fourth, Wash. Rev. Code § 7.04A.070(3) enforces a statutory divestiture prohibiting merits strikes. Binding arbitration agreements deprive Washington courts of general jurisdiction to "review the substance of the dispute," and § 7.04A.070(3) bars courts from refusing arbitration on merits grounds. *Dep't of Transp. v. James River Ins. Co.*, 176 Wn.2d 390, 399–400, 292 P.3d 118 (2013); *AURC III, LLC v. Point Ruston Phase II, LLC*, 3 Wn.3d 80, 86–87, 546 P.3d 385 (2024); *GB Auctions, Inc. v. Old Republic Ins. Co.*, 357 F. Supp. 3d 1087, 1091 (E.D. Wash. 2019) (Compl. ¶¶ 25, 29, 41, 50, 60–62). Under Washington law, subject-matter jurisdiction requires "the power or authority to render the particular judgment," and an order exceeding explicit statutory limits on adjudicatory authority is void *ab initio*. *Ronald Wastewater Dist. v. Olympic View Water & Sewer Dist.*, 196 Wn.2d 353, 371–73, 474 P.3d 547 (2020). Bypassing this dispositive jurisdictional ground without addressing it anywhere in the Order (Dkt. 39) will necessitate vacatur and remand on appeal. *See Jones*, 74 F.4th at 1058–61.

Fifth, footnote 3's *sua sponte* reliance on same-state residency to avoid FAA preemption and invoke *Rooker-Feldman* has been repeatedly rejected by the Supreme Court. Under 9 U.S.C. § 2, the FAA applies whenever a transaction involves interstate commerce "in fact," even between same-state residents, as shown here at least by Oregon–Washington enforcement (Dkt. 39 at 3 n.5) and out-of-state trust and real property (Compl. ¶¶ 15–20, Exs. A–D). *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273–81 (1995); *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56–57 (2003). Extending *Rooker-Feldman* to insulate an order void *ab initio* entered in defiance of the FAA's mandatory preemptive command impermissibly expands *Exxon Mobil* and demonstrates the exact hostility toward arbitration that resulted in the FAA's enactment. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341–42 (2011); *see also Smith v. Spizzirri*, 601 U.S. 472, 476 (2024) (mandatory FAA commands are impervious to discretion).

**C. Independent Claims and Non-Jurisdictional Defenses Cannot Supply a Step One Predicate.** *Sua sponte* declaring that *res judicata* and collateral estoppel apply (Dkt. 39 at 12–13) conflates affirmative Rule 8(c) defenses with subject-matter jurisdiction, contrary to *Exxon Mobil*, 544 U.S. at 293 ("[p]reclusion of course, is not a jurisdictional matter"), and *Miroth*, 136 F.4th at 1149–50 ("[e]quating *Rooker-Feldman* with preclusion 'risks turning th[e] limited [*Rooker-Feldman*] doctrine into a uniform *federal* rule governing the preclusive effect of state-court judgments,' contrary to 28 U.S.C. § 1738"). Moreover, under both Washington law governing 28 U.S.C. § 1738 and federal law, a void paper carries no preclusive effect. *In re Marriage of Ortiz*, 108 Wn.2d 643, 649–50, 740 P.2d 843 (1987); *In re Pavelich,* 229 B.R. 777, 783 (9th Cir. BAP 1999).

Similarly, *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004), turns on wrongful acts preventing a party from presenting her case, not pleading fraud. *See Miroth*, 136 F.4th at 1153. Moreover, Defendants waived a challenge under Rule 9(b) by omitting it from their motions and invoking it *sua sponte* without notice or leave to amend (Dkt. 39 at 11–12) violates both party presentation and *Miroth.* Nor does *Noel*, 341 F.3d at 1164, require joining Cooney, as plaintiffs need not sue all joint tortfeasors. *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990). Counsel (Villacin and the Firm, Compl. ¶¶ 36–79) is independently liable for personal candor violations and misconduct causing harm. *Fite v. Lee*, 11 Wn. App. 21, 28–29, 521 P.2d 964 (1974) (holding an attorney acts outside agency scope when acting unlawfully and is personally liable).

**IV. Evaluating Count I and Count V Anew Likewise Fails Step One**

Like the rest of the action, neither Count I, Subcount C, Part 2 nor Count V constitutes a Step One *de facto* appeal.

**A. Count I Challenges a Pre-Ruling Administrative Act.**

The Order misconstrued Count I, Subcount C, Part 2 (Dkt. 39 at 17). Paragraphs 80–83 and 110–11 plead a Fourteenth Amendment "stigma-plus" liberty claim (*Paul v. Davis*, 424 U.S. 693 (1976)) pairing public reputational stigma (¶ 110) with an unauthorized, pre-ruling administrative revocation of Plaintiff's verified Washington General Rule ("GR") 30 attorney status (¶ 111(2)). Plaintiff is an active, licensed Washington attorney whose counsel-of-record status was automatically verified through WSBA credentials under GR 30 (Compl. ¶¶ 15, 80–81). Before any judicial decision, and without notice or hearing, Judge Chung directed and Clerk Ennis executed an unauthorized administrative override, violating GR 30 synchronization and mandatory ministerial duties under Wash. Rev. Code § 2.32.050, stripping Plaintiff's verified WSBA status and reclassifying her *pro se* while leaving local Washington counsel undisturbed (¶¶ 82–83, 111(2) & Ex. H). Nothing about this claim challenges a judicial ruling; the conduct is both pre-ruling and administrative.

Furthermore, *Huffman v. Lindgren*, 81 F.4th 1016, 1020–21 (9th Cir. 2023), confirms that a self-represented licensed attorney receives no *pro se* leniency while remaining bound by all rules governing counsel, rendering a *pro se* label both inapplicable and misleading. Because Plaintiff could neither claim any benefit nor evade professional obligations, there was no adjudicative issue regarding her status to decide—and no ruling decided it. Overriding her verified WSBA status served solely to strip procedural protections applicable to counsel of record (mirroring the prejudice created where the Order itself *sua sponte* resolves a contested fact contrary to the Complaint by designating Plaintiff *pro se*, Dkt. 39 at 4, 19). That administrative alteration routed her appeal onto a downgraded track, denied oral argument (¶¶ 86–87), withheld publication in violation of RAP 12.3(d) (¶¶ 88–95), and carried into Washington Supreme Court correspondence

(¶ 97 & Ex. I), while Defendants withhold GR 31.1 audit trails (¶¶ 103–04). *Rooker-Feldman* applies solely to judicial adjudications, never to administrative or ministerial acts. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476–77 (1983); *see also Forrester v. White*, 484 U.S. 219, 227–29 (1988). Unilaterally overriding verified GR 30 status prior to any ruling is an administrative docketing act, not a "state-court judgment" under 28 U.S.C. § 1257. Step One fails, and Step Two cannot be reached.

**B. Count V Seeks Damages for Gratuitous Falsehoods.** Count V (Compl. ¶¶ 36–79, 118–20) seeks individual-capacity damages against Judge Chung for factually false, extra-judicial attacks published to shield opposing counsel's ethical violations. Opposing counsel litigated *In re Marriage of Pascale*, 173 Wn. App. 836, 285 P.3d 805 (2013), yet omitted and argued directly against that controlling authority in violation of RPC 3.3 (¶¶ 41–44, 60–61), then filed a self-serving sanctions response creating an acute conflict under *In re Marriage of Wixom*, 182 Wn. App. 881, 902, 332 P.3d 1063 (2014) (¶¶ 47–48, 71–72). Rather than adjudicating those violations, *Cooney II* distorted Plaintiff's CP 853 argument (ignoring Ex. B, ¶¶ 52–59) and mischaracterized her *Wixom* motion (¶¶ 73–74), branding Plaintiff, a licensed attorney, "disingenuous at best" and "similarly disingenuous" (¶¶ 58, 73, 119).

*Rooker-Feldman* "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Miroth*, 136 F.4th at 1151. Count I and Count V fail both prongs: neither count asserts legal error by the state court, and neither seeks relief from a state court judgment. Because Plaintiff seeks damages for pre-adjudication status alteration and reputational injury rather than review and rejection of a valid state judgment, Step One fails and Step Two is never reached.

**V. Conclusion**

Because neither Count I, Subcount C, Part 2 nor Count V constitutes a Step One *de facto* appeal, and because no valid Step One predicate exists anywhere in the action to reach Step Two, *Rooker-Feldman* does not bar either claim. Plaintiff respectfully requests that the Court discharge Paragraph (5) of the Order to Show Cause (Dkt. 39 at 19) and permit Count I, Subcount C, Part 2 and Count V to proceed to discovery and the merits. In making this response, Plaintiff expressly preserves, and does not waive, all objections to the Order, including but not limited to its interlocutory *Rooker-Feldman*, state action, Rule 12(b), and Rule 56(a) rulings (Dkt. 39).

DATED this 25th day of November, 2026.

Respectfully submitted,
s/ Hillary Brooks
Hillary Brooks, WSBA #31944
2900 NW Clearwater Dr. #200-66
Bend, OR 97701
(503) 766-9991
hillary@brooksquinn.com
Counsel of Record